IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES A. LANE, SR.                                                                                      PLAINTIFF

v.                                          Civil No. 6:22-CV-06075-SOH-BAB

MARCIA R. HEARNSBERGER, Garland                                             DEFENDANTS
County Circuit Judge

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A.[1]  Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on July 1, 2022.  (ECF No. 1).  He was granted *in forma pauperis* ("IFP") status that same day.  (ECF No. 3).  On July 6, 2022, the Court entered an Order directing him to sign and date his Complaint and return it to the Court by July 20, 2022.  (ECF No. 6).  Plaintiff filed his signed and dated Complaint on July 22, 2022.  (ECF No. 7).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

Plaintiff alleges that Judge Hearnsberger violated his Sixth Amendment rights on March 29, April 26, and May 31 of 2022. (*Id*. at 3). He alleges Judge Hearnsberger denied his request to fire his public defender and represent himself in court. (*Id*. at 3-4). He further alleges that while he has been incarcerated, his house burned to the ground and his wife was in a car accident. (*Id*. at 4). He believes "none of this would of ever happened" if his requests had not be denied. (*Id*.).

Plaintiff proceeds against Judge Hearnsberger in her individual capacity. (*Id*. at 4). He seeks compensatory and punitive damages. (*Id*. at 8). He also seeks an apology from Judge Hearnsberger. (*Id*.).

## II.  LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting*

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Marcia R. Hearnsberger, an Arkansas Circuit Court Judge for the Eighteenth Judicial District (East), Division 4, is immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Judicial immunity is overcome in only two situations: (1) if the challenged act is nonjudicial; and, (2) if the action, although judicial in nature, was taken in the complete absence of jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the Complaint that neither situation applies here. Plaintiff's claims against Judge Hearnsberger are subject to dismissal.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 7) be DISMISSED WITHOUT PREJUDICE.[2]

---

[2] "Dismissals based on immunity are not among the types of dismissals listed as strikes in section 1915(g), and the district court . . . did not state that the action was frivolous or malicious, or that it failed to state a claim. Thus, the

3

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **24th day of August 2022**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

dismissal . . . is not a strike under section 1915(g)." *Castillo-Alvare v. Krukow*, 768 F.3d 1219, 1220 (8th Cir. 2014).